IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 2:05CR41-2

PATRICK RYAN PRATT,

Defendant.

**<u>ORDER/OPINION</u>**

On the 5th day of January, 2006, came the United States of America by Stephen Warner, Assistant United States Attorney, and also came the defendant, Patrick Ryan Pratt, in person, and by his counsel, Stephen G. Jory, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Pratt violated Conditions #6, 7(a), 7(q), and 7(s) of his Conditions of Release. The Court heard the sworn testimony of Defendant's United States Pretrial Services Officer William Bechtold, and of Defendant.

I. Procedural History

On December 5, 2005, Defendant was released on conditions set by Order. On December 23, 2005, pre-trial services officer William C. Bechtold, Jr. filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated conditions #6, 7(a), 7(q), and 7(s) of the Order. By Order dated December 23, 2005, the undersigned directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order on December 29, 2005. Defendant had an Initial Appearance before the Court on December 30, 2005, and a full hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on January

4, 2006.

## II. Contentions

The Petition alleges that Defendant:

1. Violated Condition No. 6 of the Order Setting Conditions of Release which required Defendant to be placed in the custody of Gerald W. Pratt;

2. Violated Condition No. 7(a) which required Plaintiff to report to William Bechtold not later than December 6, 2005 at 4:00 p.m.;

3. Violated Condition No.7(q) which required Defendant to submit to drug testing as required by pretrial services; and

4. Violated Condition No. 7(s) which required Defendant to refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing required as a condition of release.

The grounds for the alleged violations are stated as follows:

On December 9, 2005, the United States Pretrial Services Officer instructed the defendant to report to the Pretrial Services Office on December 13, 2005, at 9:00 a.m. The defendant did not report as instructed but did call and advise that he did not have a ride to the office and could not report. On December 125, 2005, a correspondence was sent to the defendant advising him to report to the Pretrial Services Office on December 19, 2005 at 10:00 a.m. The defendant failed to respond to this instruction.

On December 19, 2005, the defendant's third party custodian, Gerald Pratt, called the Supervising Pretrial Services Officer and advised that he believed the defendant was using illegal substances as the defendant was acting strangely. He further advised that he had not seen the defendant since the morning of December 18, 2005, and he might be on the run. Mr. Pratt further stated that the defendant was going to a residence on Third Street in Misty Terrace, Moorefield, West Virginia, where drugs are used. Mr. Pratt indicated that if the defendant was not abiding by the terms of his release that he would not be willing to continue to serve [as] a third party custodian.

The Court heard the testimony of Pretrial Services Officer William Bechtold and of Defendant, and heard arguments of counsel, in particular, Defendant's argument that he be

permitted to remain out on bond, residing at the home of his grandmother under electronic monitoring..

### III. Findings Of Fact

Based on the testimony presented at the hearing held January 5, 2006, and the docket record as the same existed on January 5, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated December 5, 2005.

2) Condition No. 6 of the Order Setting Conditions of Release required Defendant to be placed in the custody of Gerald W. Pratt.

3) Condition No. 7(a) required Plaintiff to report to William Bechtold not later than December 6, 2005 at 4:00 p.m.

4) Condition No.7(q) required Defendant to submit to drug testing as required by pretrial services.

5) Condition No. 7(s) required Defendant to refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing required as a condition of release.

6) Defendant was released from federal custody on December 5, 2005, pursuant to the Order Setting Conditions of Release.

7) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

8) Defendant is Pretrial Services Officer William Bechtold's assigned supervisee.

9) Defendant failed to report as instructed by Mr. Bechtold on December 13, 2005, but called the Pretrial Services Office and advised he did not have a ride to the office and could not report.

10) Defendant failed to report to the Pretrial Services Office as instructed on December 19, 2005, and failed to respond to the written instruction to do so.

11) The scheduled appointments with Pretrial Services would have included drug screening.

12) Defendant failed to contact his Pretrial Services Officer despite the fact that he knew he had missed the appointments.

13) Defendant's testimony that he was unable to urinate to provide a sample for drug testing on the date he was arrested is not credible.

14) Defendant left the residence of his third party custodian, Gerald Pratt, where he was supposed to remain, to the point that Gerald Pratt reported to the probation officer that Defendant was gone and he did not know where he was or how to find him.

15) The Court has no knowledge regarding Defendant's grandmother's residence, her willingness or ability to have Defendant in her custody, or her ability to have Defendant electronically-monitored in her residence.

IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes by a preponderance of the evidence that Defendant violated conditions No. 6, 7(a)(r), 7(q), and 7(p) of the Order Setting Conditions of Release entered May 6, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence

presented at the hearing, the undersigned finds Patrick Ryan Pratt is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Patrick Ryan Pratt on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: January 11, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE